UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANDRE MATEVOUSIAN,<br><br>    Defendant. | 1:18-cv-00169-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

Mario Anton Lee ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On February 1, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the United States Penitentiary (USP)-Lewisberg in Lewisberg, Pennsylvania. The events at issue in the Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there in the custody of the Federal Bureau of Prisons (BOP). Plaintiff names Andre Matevousian (Warden) as the sole defendant.

A summary of Plaintiff's allegations follows. In January of 2017, Plaintiff arrived at USP-Atwater after being transferred from USP-Yazoo for being assaulted by another inmate. After being at USP-Atwater for eight months Plaintiff received an incident report for a violation. Plaintiff filed an administrative remedy complaint based on a "public safety factor that was placed on the Plaintiff." ECF No. 1 at 4. After Plaintiff filed the administrative complaint, defendant Matevousian retaliated against Plaintiff by refusing to give Plaintiff a copy of his response to the complaint hindering Plaintiff's attempt to exercise his rights. Defendant Matevousian referred Plaintiff back to the Special Management Unit (SMU) for Plaintiff's

incident report, after Plaintiff had already spent over forty-eight months there. Defendant refuses to answer any of Plaintiff's "requests of staff" and "cop-outs," refusing Plaintiff access to the law library while he has a case pending at the district court in Fresno, and preventing Plaintiff from exhausting his remedies. ECF No. 1 at 4. Defendant started a campaign of harassment by allowing medical services to deny Plaintiff's repeated sick-call requests. Plaintiff has not received medical assistance for his symptoms even after filing an administrative remedy complaint. Defendant told Plaintiff that he has nothing coming while at USP-Atwater and he can file all the paperwork he wants.

Defendant is abusing his power and running a campaign of harassment with officers who work in the Special Housing Unit (SHU), who he allows to refuse to assist Plaintiff in any legal matters such as providing Plaintiff with access to the law library and the materials he needs to exhaust his remedies. Defendant is using the SMU as cruel and unusual punishment, when there are other programs the Plaintiff could participate in that would address Plaintiff's safety issues. Defendant fails to acknowledge Plaintiff's rights to equal protection by placing Plaintiff in the SMU where attempts can be made on Plaintiff's life. Plaintiff has notified Defendant numerous times about his safety concerns and Defendant has blatantly refused to acknowledge Plaintiff's concerns. Defendant told Plaintiff that Plaintiff's concerns are not his concerns and to proceed as he feels.

Plaintiff requests injunctive relief.

## IV. PLAINTIFF'S CLAIMS

Plaintiff brings Bivens claims under the First, Fifth, and Eighth Amendments.

### A. Bivens

A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d

1191, 1200 (9th Cir. 2010) (citing see Shwarz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988). Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

Relief under Bivens does not encompass injunctive and declaratory relief where the equitable relief sought requires official government action. Solida v. McKelvey, 820 F.3d 1090, 1093-94 (9th Cir. 2016). Bivens is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government; by definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action. Id. at 1094-95. Therefore, Plaintiff is not entitled to injunctive or declaratory relief in this action.

A Bivens claim is brought against the individual official for his or her own acts, not the acts of others. Ziglar v. Abbasi, 137 S. Ct. 1843, 1860 (2017). Bivens is not designed to hold officers responsible for acts of their subordinates. Id. Government officials may not be held liable, under § 1983 or a Bivens action, for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 676 (2009).

**Bivens After Ziglar v. Abbasi**

"The Supreme Court has recently made clear that 'expanding the Bivens remedy is now a disfavored judicial activity,' and has 'consistently refused to extend Bivens to any new context or new category of defendants.'" Buenrostro v. Fajardo, 1:14-cv-00075-DAD-BAM (PC), 2017 WL 6033469, at *2 (E.D. Cal. Dec. 5, 2017) (quoting Abbasi, 137 S.Ct. at 1857). "Abbasi sets forth a two-part test to determine whether a Bivens claim may proceed." Buenrostro, 2017 WL 6033469, at *2. "A district court must first consider whether the claim presents a new context from previously established Bivens remedies." Id. "If so, it must then apply a 'special factors'

///

4

analysis to determine whether 'special factors counsel hesitation' in expanding Bivens absent affirmative action by Congress." Id. (quoting Abbasi, 137 S.Ct at 1857, 1875.)

"'If [a] case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court], the context is new.'" Buenrostro, 2017 WL 6033469, at *2 (quoting Abbasi, 137 S.Ct. at 1859). "[Abbasi] provides several examples of differences meaningful enough to make a given context a new one, including 'the constitutional right at issue.'"[1] Buenrostro at *2 (quoting Abbasi at 1860). "To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments." See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment).

The Supreme Court has "consistently refused to extend Bivens to any new context or new category of defendants." Abbasi, 137 S.Ct. at 1857. If a claim presents a new context in Bivens, then the court must consider whether there are special factors counseling against extension of Bivens into this area. Id. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

Since Abassi, the Ninth Circuit has found a Bivens remedy available in three situations. See Brunoehler v. Tarwater, No. 16-56634, 2018 WL 3470210 (9th Cir. July 19, 2018) (Fourth Amendment - arrest by Agents in home without probable cause); Rodriguez v. Swartz, 899 F.3d

---

[1] "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider." Abbasi, 137 S. Ct. at 1860.

719, 744 (9th Cir. 2018) (Fourth Amendment - unjustifiable cross-border killing of someone simply walking down a street in Mexico); and Lanuza v. Love, 899 F.3d 1019, 1034 (9th Cir. 2018) (Fifth Amendment due process - government attorney intentionally submitted a forged document in an immigration proceeding to completely bar an individual from pursuing relief to which he was entitled).

### B. First Amendment Claims -- Access to Courts and Retaliation

Plaintiff claims that he was retaliated against because he filed administrative complaints at USP-Atwater. Plaintiff also claims that his right to access the courts was violated during the administrative complaint process at USP-Atwater. These claims are brought under the First Amendment.

Here, Plaintiff seeks to extend a Bivens remedy for violations of the First Amendment through claims of retaliation and denial of access to courts. The Supreme Court has never implied a Bivens action under any clause of the First Amendment. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). As Plaintiff's First Amendment claims clearly present new contexts in Bivens, this requires the consideration of any special factors counseling against extension of Bivens into these areas, including whether there is any alternative, existing process for protecting Plaintiff's interests.

While the Ninth Circuit has previously held that Bivens may be extended to First Amendment claims, Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986) (permitting First Amendment retaliation claim under Bivens); Moss, 572 F.3d at 967 n.4 (noting Bivens extends to First Amendment damages claims), it has recently revisited this question in light of Abbasi, see Vega v. United States, 881 F. 3d 1146, 1154 (9th Cir. Feb. 7, 2018) (declining to extend Bivens remedy to First Amendment access to courts and Fifth Amendment procedural due process claims against private employees of residential reentry center), Reid v. United States, No. 114CV01163LJOMJSPC, 2018 WL 1588264, at *1–3 (E.D. Cal. Apr. 2, 2018). These earlier Ninth Circuit cases are therefore not controlling.

As discussed in Abbasi, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." Winstead v. Matevousian, No. 117CV00951LJOBAMPC,

2018 WL 2021040, at *2–3 (E.D. Cal. May 1, 2018), objections overruled, No. 117CV00951LJOBAMPC, 2018 WL 3357437 (E.D. Cal. July 9, 2018) (quoting Abbasi, 137 S.Ct. at 1865). It is clear that Plaintiff had alternative remedies available to him, including the BOP's administrative grievance process, a federal tort claims action, the filing of a writ of habeas corpus, Winstead, 2018 WL 3357437, at *2, and Bivens claims to the extent that any alleged retaliation or denial of access to courts took the form of conduct that has already been determined by the Supreme Court to be actionable under Bivens, Reid, 2018 WL 1588264, at *1–3 (citing see Vega, 881 F. 3d at 1154 (availability of administrative remedies and tort claims counseled against extending Bivens remedy)); Buenrostro, 2017 WL 6033469, at *2-4 (declining to infer Bivens remedy for First Amendment retaliation claim). Additionally, where a prisoner faces ongoing retaliation, he may seek injunctive relief. See 18 U.S.C. § 3626(a)(2); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) (observing that injunctive relief has long been recognized as proper means for altering unconstitutional policy); Solida, 820 F.3d at 1096 (noting a waiver of sovereign immunity under the Administrative Procedure Act for injunctive relief)). Indeed, Plaintiff alleges that he utilized the administrative grievance process in an effort to resolve his claims.

For the foregoing reasons, the court finds that special factors counsel hesitation in these new contexts, and declines to find an implied Bivens cause of action for First Amendment retaliation or First Amendment denial of access to courts. Winstead, 2018 WL 2021040, at *2–3 (citing see, e.g., Free v. Peikar, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that nationwide, district courts seem to be in agreement that, post–Abbasi, prisoners have no right to bring a Bivens action for violation of the First Amendment)).

Accordingly, Plaintiff fails to state a claim for retaliation or denial of access to courts under the First Amendment.

### C. **BOP Program Statement § 5100.7**

Plaintiff alleges that Defendant violated BOP Program Statement § 5100.7 by refusing to house Plaintiff close to his family. The BOP classifies prisoners and reviews those decisions using a policy outlined in a program statement. Mackey v. Bureau of Prisons, No. 06-CV-370-

WDS, 2009 WL 792607, at *1 (S.D. Ill. Mar. 24, 2009). One version of that policy, BOP's Program Statement § 5100.7, is titled Inmate Security Designation and Custody Classification.[2] Christakis v. Fed. Bureau of Prisons, No. 1:06 CV 00953 AWI GS, 2008 WL 1903279, at *3 (E.D. Cal. Apr. 25, 2008). This policy employs a point system which takes into account a variety of factors, such as detainers, the current offense, prior commitments, and any history of escape or violence. Mackey, 2009 WL 792607 at *1. After data is entered into the system and points are tabulated, a mathematical matrix is applied in an effort to reflect the inmate's adjustment to institutional life. Id. The resulting point total or "score" serves as a recommendation to the unit team and warden, who ultimately make custody decisions. Id.

In the few cases that have reviewed this particular Program Statement section, see, e.g., Phillips v. Hawk, No. 98–5513, 1999 WL 325487 (D.C.C. 1999); Fullenwiley v. Wiley, No. CIV. 98–CV–1698–LEK–GLS, 1999 WL 33504428 (N.D.N.Y. 1999), courts have consistently treated § 5100.7 as an "interpretive" rule and found that they are precluded from reviewing any such "adjudicative" agency decision. Christakis, 2008 WL 1903279, at *3. Plaintiff has failed to point to any authority that holds otherwise. This court agrees and holds that the court lacks subject matter jurisdiction to review a decision made pursuant to BOP's Program Statement § 5100.7. See Gunderson v. Hood, 268 F.3d 1149, 1154–55 (9th Cir. 2001); Enigwe v. Bureau of Prisons, 2006 WL 3791379 (D.D.C. Dec. 22, 2006); Smith v. Bureau of Prisons, No. 94-1798, 1996 WL 43556, at *3-4 (D.D.C. Jan. 31, 1996).

**D.    Fifth Amendment Due Process -- Administrative Remedy Process, Equal Protection**

Plaintiff brings claims for violation of due process and equal protection, which are claims under the Fifth Amendment.

///

///

---

[2] The record reflects that Program Statement § 5100.7 was revised on September 12, 2006 and renumbered § 5100.9, but that the relevant sections were not changed. Christakis, 2008 WL 1903279, at *3.

8

### 1. **Due Process -- Administrative Remedy Process**

The Due Process Clause of the Fifth Amendment provides that no person "shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The due process guarantees of the Fifth Amendment "include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 301–02 (1993) (emphasis omitted). "A threshold requirement to a substantive or procedural due process claim is [a] plaintiff's showing of a liberty or property interest protected by the Constitution." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994); Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).

The Supreme Court has never recognized a Bivens remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process, Lanuza, 899 F.3d at 1026, and even if such claims were recognized under Bivens, Plaintiff fails to state a due process claim.

Plaintiff alleges that his rights under the Administrative Remedy process at USP-Atwater were violated. However, a prisoner cannot state a due process claim based on the handling of his grievances. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"); see also Larkin v. Watts, 300 Fed. Appx. 501, 2008 WL 4946284, *1 (9th Cir. Nov. 12, 2008) ("Larkin's claim that the defendants improperly processed his administrative complaints or grievances does not give rise to a cognizable constitutional or Bivens claim"). Liability in a civil rights action may not be based on the actions of prison personnel in reviewing a prisoner's administrative appeal. Mann, 855 F.2d at 640.

Accordingly, Plaintiff fails to state a due process claim under the Fifth Amendment based on the processing of his Administrative Remedy complaints.

///

///

### 2. **Equal Protection**

In the context of the Fifth Amendment, the Supreme Court has only recognized a Bivens remedy for gender discrimination. Davis, 442 U.S. 228. Plaintiff brings a claim for violation of the Equal Protection Clause of the Fifth Amendment based on his detention in the SMU.

The Equal Protection Clause of the Fourteenth Amendment requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

The Fifth Amendment, which applies to the federal government, does not explicitly contain a similar provision. See U.S. Const. amend. V; Singh v. Cissna, No. 1:18-CV-00782-SKO, 2018 WL 4770737, at *9 (E.D. Cal. Oct. 1, 2018). However, "[w]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process" and the "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." Singh, 2018 WL 4770737, at *9 (quoting Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975) citations and internal quotation marks omitted; alteration in original) ); see also United States v. Windsor, 570 U.S. 744, 774 (2013) ("The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws."); Buckley v. Valeo, 424 U.S. 1, 93 (1976) ("Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.").

However, even if an equal protection claim could be brought under Bivens, Plaintiff fails to state a claim. "To prevail on an Equal Protection claim . . , Plaintiff must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class,'" (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a

rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### E. Eighth Amendment Conditions of Confinement -- Medical Claim and Failure-to-Protect Claim

As indicated above, in Carlson, the Supreme Court extended Bivens to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. In this case, Plaintiff brings Eighth Amendment claims for denial of medical care and failure to protect Plaintiff.

#### 1. Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical

treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff alleges that Defendant started a campaign of harassment by allowing medical services to deny Plaintiff's repeated sick-call requests. Plaintiff also alleges that he did not received medical assistance for his symptoms even after filing an administrative remedy complaint. These allegations, without more, are insufficient to state a medical claim against Defendant. As discussed above, a showing of deliberate indifference requires Plaintiff to show that he had a serious medical need, that Defendant knew and understood that Plaintiff had a serious medical need, that Defendant was aware of a substantial risk of serious harm to Plaintiff's health, and that Defendant consciously disregarded the risk, causing Plaintiff harm. Plaintiff has not done so. Therefore, Plaintiff fails to state a medical claim against Defendant.

### 2. **Failure to Protect -- Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter,

sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33 (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff alleges that Defendant placed him in harm's way by placing him in the SMU, where attempts could be made on Plaintiff's life. Plaintiff alleges that he notified Defendant numerous times about his safety concerns, and Defendant blatantly refused to acknowledge Plaintiff's concerns.

As discussed above, the only Eighth Amendment claim recognized by the Supreme Court under Bivens is for failure to provide adequate medical treatment. Plaintiff's claim under the Eighth Amendment that the Warden failed to protect him from unsafe conditions in the SMU is not the same as a claim for deliberate indifference to a serious medical need. See Carlson, 446 U.S. at 16 n.1. The mere fact that Plaintiff alleges a violation of a constitutional right does not conclusively establish that Bivens extends to Plaintiff's constitutional claim.

Therefore, the court must determine whether Plaintiff's claim presents a "new Bivens context." Abbasi, 137 S.Ct. at 1860. The Abbasi Court explained that "[i]f the case is different in a meaningful way from the previous Bivens cases decided by this Court, then the context is new." Id. at 1859. Although the Abbasi Court did not provide "an exhaustive list of differences that are meaningful enough to make a given context a new one," the Court did provide the following "instructive" examples:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 1859-60.

In <u>Carlson</u>, the plaintiff brought a <u>Bivens</u> suit under the Eighth Amendment on behalf of her deceased son's estate, alleging that while her son was a prisoner in a federal prison in Indiana, he suffered personal injuries from which he died because prison officials failed to give him proper medical attention. <u>Carlson</u>, 446 U.S. at 14.

Here, Plaintiff brings a <u>Bivens</u> suit under the Eighth Amendment alleging that the Warden placed him in harm's way in the SMU, where attempts could be made on Plaintiff's life, and refused to acknowledge Plaintiff's safety concerns.

Both <u>Carlson</u> and the case at hand concern violation of the Eighth Amendment, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In <u>Carlson</u>, the plaintiff claims that prison officials failed to provide him with medical care, while in this case Plaintiff claims that a prison official failed to protect him from harm. Both cases involve direct Eighth Amendment allegations against individual officers for specific actions taken against an individual inmate. Further, in both cases a damages remedy is appropriate. <u>Carlson</u>, 446 U.S. 14. Based on these facts, the court finds that Plaintiff's similar Eighth Amendment claim here is not a <u>Bivens</u> expansion. Accordingly, the undersigned finds that Plaintiff's Eighth Amendment claim does not present "a new <u>Bivens</u> context."

Notwithstanding, even if Plaintiff proceeds with his failure-to-protect claim under <u>Bivens</u>, he fails to state a claim because Plaintiff's deprivation does not rise to the level of an Eighth Amendment claim. Plaintiff has not alleged facts showing that he was at substantial risk of serious harm in the SMU, or that the Warden knew and understood that Plaintiff faced a serious risk of harm. Plaintiff alleges that "attempts could be made" on his life, but there are no facts showing that Plaintiff's life was actually in danger or that anyone had seriously threatened him with harm. Therefore, the allegations in Plaintiff's Complaint do not present a claim of constitutional magnitude, and Plaintiff fails to state a cognizable Eighth Amendment claim.

### F.   **Relief Requested**

The only relief requested by Plaintiff in the Complaint is injunctive relief. Plaintiff seeks a court order transferring him to a correctional facility near his family. Such relief is not available in a <u>Bivens</u> case. As noted above, relief under <u>Bivens</u> does not encompass injunctive and

declaratory relief where the equitable relief sought requires official government action. Solida, 820 F.3d at 1093-94. Only monetary damages are available in a Bivens action. Therefore, Plaintiff's Bivens claims must be dismissed. Plaintiff shall be granted leave to file an amended complaint to cure the deficiency in his requested relief.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted under Bivens. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The First Amended Complaint must allege *facts* showing how each named defendant acted and how the action led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each of the defendants *personally* participated in the deprivation of his rights by their actions. Iqbal 556 U.S. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, February 1, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00169-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint in compliance with this order within thirty days, the court shall recommend that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**October 26, 2018**__        _____**/s/ Gary S. Austin**_____
                                       UNITED STATES MAGISTRATE JUDGE